```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

- - - - - - - - - - - - - - - - - - -X

WAYNE WRIGHT,

                                                   ORDER

                      Plaintiff,

                                        CV 2003-2177 (ENV)(MDG)

      - against -

CITY OF NEW YORK, et al.,

                    Defendants.

- - - - - - - - - - - - - - - - - - -X

     Plaintiff has filed a further application to compel discovery in this action seeking damages arising from his alleged false arrest. Specifically, plaintiff seeks handwriting exemplars of undercover officer #6083, an appropriate extension of expert deadlines after exemplars are given and a deposition of someone knowledgeable about the policies and procedures regarding flow of reports and paperwork. Ct. doc. 36. Defendants oppose such discovery as irrelevant and speculative and because plaintiff is late in making the request for exemplars. Ct. doc. 37.

## DISCUSSION

     Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties "to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" and, upon a showing of "good cause," to have a "court order discovery of any matter relevant to the subject matter

involved in the action." Fed. R. Civ. P. 26(b)(1). Information is relevant and discoverable so long as the discovery "appears reasonably calculated to lead to the discovery of admissible evidence." Id. In discussing the import of the 2000 amendment to Rule 26(b)(1) narrowing the scope of discovery, the Advisory Committee noted that "[t]he rule change signals to the court that it has authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes to 2000 Amendments. When broader discovery is sought, the Court should determine the scope "according to the reasonable needs of the action, ... depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." Id.

At a conference on October 23, 2006, this Court granted plaintiff's earlier application (ct. doc. 33) for leave to retain a handwriting expert and to require defendants to produce exemplars. While this Court agrees with defendants that the recent deposition testimony of the informant weakens plaintiff's claim for false arrest, such testimony is not determinative of the question of probable cause, particularly in light of the earlier affidavit of the informant.

More importantly, since this Court had previously directed that the exemplars be produced, the only issue is whether

plaintiff should be precluded from the relief requested due to his failure to request exemplars by the November 6, 2006 deadline set. Defendants do not dispute Mr. Bachu's statement that he had requested on October 27, 2006 that plaintiff's expert be permitted to examine the original documents and that the documents were not available until December 1, 2006. While plaintiff should not have let the November 6th deadline pass without seeking an extension, this Court finds under these circumstances that plaintiff should not be penalized for his delay resulting from defendants' failure to make the documents available.

Last, I find that plaintiff has not established good cause to conduct further discovery regarding the policies and procedures governing record-keeping practices. While impeachment information is oftentimes discoverable, plaintiff has had an opportunity to depose all the officers who came into contact with the reports, as well as the informant who apparently has corroborated the substance of the reports. Since plaintiff's contention is that Milani destroyed the three original reports and signed the Undercover's badge number to the three replacement reports he created, (ct. doc. 33 at 2), whether one or more defendant officers properly filed or distributed reports is tangential to this issue, as well as the question of whether there is probable cause for arrest. Thus, the discovery sought regarding record-keeping policies and practices is, at most, attentuated from the claims asserted. <u>Collens v. City of New</u>

York, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims").

## CONCLUSION

For the reasons stated above, plaintiff's letter application to compel and for further discovery is granted in part and denied in part. Defendants must provide exemplars by December 22, 2006. If the undercover officer is still working in an undercover capacity, the exemplars may be provided by that officer under circumstances specified by plaintiff's handwriting expert, but supervised by counsel for defendants or plaintiff. Said counsel shall certify that the conditions specified were followed.

Plaintiff's expert report and disclosures and must be served by January 16, 2007 and defendants' rebuttal report and disclosures must be served by February 5, 2007. The next conference is adjourned to February 6, 2007 at 11:30 a.m

**SO ORDERED.**

Dated:   Brooklyn, New York
         December 13, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE